**Shults & Tamm, ALC**
A Law Corporation

**Lissa D. Shults (JD 7910)**
   E-Mail: lshults@shults-tamm.com
**Bradley R. Tamm (JD 7841)**
   E-Mail: btamm@shults-tamm.com
**828 Fort Street, Ste 330**
**Honolulu, Hawaiʻi 96813**
**Telephone (808) 524-4949**
**Facsimile (808) 524-4844**

JAMES T. LEAVITT (JD 939)
JOHN D. YAMANE (JD 2577)
WOODRUFF K. SOLDNER (JD 4023)
Leavitt Yamane & Soldner
737 Bishop St Ste 1740
Honolulu HI 96813
Telephone 808 521-7474
Facsimile 808 521-7749

Attorneys for Creditors Estate of Mark Douglas Lamm,
and Beate Lamm, for herself individually and on
behalf of Shealyn Lamm, a minor

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| In re<br><br>HAWAIIAN TELCOM<br>COMMUNICATIONS, INC., et al.[1],<br><br>    Debtors. | Case No. 08-02005<br>(Chapter 11)<br><br>[jointly administered] |

**REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIM**

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Hawaiian Telcom Communications, Inc. (0376); Hawaiian Telcom Holdco, Inc. (9868); Hawaiian Telcom, Inc. (9500); Hawaiian Telcom Services Company, Inc. (5722); Hawaiian Telcom IP Service Delivery Investment, LLC (9685); Hawaiian Telcom IP Video Investment, LLC (9295); and Hawaiian Telcom IP Video Research, LLC (9471). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 1177 Bishop Street, Honolulu, HI 96813.

COMES NOW Creditors Estate of Mark Douglas Lamm, and Beate Lamm, for herself individually and on behalf of Shealyn Lamm, a minor, by and through their attorneys, and submit the following written Request for Payment of Chapter 11 Administrative Expense Claim. This Request is made pursuant to 11 U.S.C. § 503(b).

On May 17, 2009, in Kaaawa, Hawaii, Mark Douglas Lamm, a resident of Wahiawa, Hawaii, was riding his motorcycle with his 10-year-old daughter, Shealyn Lamm, on Kamehameha Highway, when a truck, owned by Debtors, operated by its employee in the course and scope of his employment, negligenty made a left turn directly into the path of Mr. Lamm and his passenger. Mr. Lamm, 49-years old, was taken to the hospital where he died. His daughter suffered a severe tibial fracture, repaired by open reduction and internal fixation. Mr. Lamm's wife, Beate Lamm, mother of Shealyn Lamm, was following a short distance behind and came upon the accident scene shortly following the collision. Creditors assert collective tort damages in excess of $10,000,000.00.

Creditors assert administrative priority status as tort claimants under 11 U.S.C. § 503(b)(1)(A). *Reading Co. v. Brown*, 391 U.S. 471, 483-84 (1968) (administrative priority to the claims of victims of a fire negligently caused by the receiver, holding that "actual and necessary costs" encompass "costs ordinarily incident to operation of a business," including

damages resulting from the receiver's negligence); *In re Dennis Ponte, Inc.*, 61 B.R. 296, 298 (9th Cir. BAP 1986) ("It is well established that damages for a post-petition tort become an administrative expense under 11 U.S.C. § 503(b)(1)(A)."); *In re Sierra Pacific Broadcasters,* 185 B.R. 575, 579 (9th Cir. BAP 1995) (reading *Reading Co. v. Brown* to hold that "it was natural and just that those injured by the operation of a business during arrangement recover ahead of those creditors for whose benefits the business is continued.")

Creditors are informed and belive that Debtors are insured by one or more policies of insurance which may provide coverage in whole or in part for the liability presented here; including a policy placed with First Insurance Company of Hawaii, which is believed to have primary coverage for this incident. Creditors thereby demand that Debtors place such insurers on notice and tender this matter to any insurer in a position to indemnify and defend Debtors. Creditors reserve all right to seek relief from the automatic stay to preserve, perfect and pursue its remedies in the appropriate forum.

Creditors reserve all rights to seek estimation of their claim in the appropriate forum, and at this time, do not consent to the determination of this claim, to the extent that it is a contingent or unliquidated personal injury tort claim, by the Bankruptcy Court. See: 28 U.S.C. § 157(b)(2)(B); see also

3

U.S. Bankruptcy Court - Hawaii   #08-02005   Dkt # 841   Filed  06/07/09   Page 3 of 4

*Adelson v. Smith (In re Smith)*, 389 B.R. 902 (Bankr. D. Nev. 2008).

Creditors object to the confirmation of any plan of reorganization to the extent that it seeks to discharge this post-petition, pre-confirmation, claim.

Creditors will give Notice and seek a hearing to allow this expense claim at such time as the Trustee determines whether funds are sufficient to pay pre-conversion administrative claims.

DATED: June 7, 2009

*Shults & Tamm, ALC*

_____
LISSA D. SHULTS,
BRADLEY R. TAMm,

Leavitt Yamane & Soldner

JAMES T. LEAVITT,
JOHN D. YAMANE,
WOODRUFF K. SOLDNER,

Attorneys for Creditors
ESTATE OF MARK DOUGLAS LAMM,
and BEATE LAMM, for herself
individually and on behalf of
SHEALYN LAMM, a minor